UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

"IN ADMIRALTY"

KING OCEAN SERVICES, LTD.,
Plaintiff,

vs.                                             CASE NO.:

POINCIANA MILLING COMPLEX, INC.,
Defendant.
_____/

# COMPLAINT

The Plaintiff, KING OCEAN SERVICES, LTD. (hereinafter "KING OCEAN"), by and through its undersigned counsel files herewith this Complaint against POINCIANA MILLING COMPLEX, INC. (hereinafter "POINCIANA") and for cause of action *in personam* states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction in accordance with 28 U.S.C. Section 1333(1). The Plaintiff is seeking to enforce rights contained in maritime contracts, making this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## VENUE

2. Venue in this district is proper. A substantial part of the events giving rise to the claims

asserted by the plaintiff occurred within the territorial limits of the United States District Court for the Southern District of Florida, namely Port Everglades, Florida.

## THE PARTIES

3. KING OCEAN SERVICES, LTD. is a Vessel Operating Common Carrier (VOCC), that engages in international cargo transportation and maritime services with a principal place of business at Doral, Florida.

4. Upon information and belief, at all times material hereto, POINCIANA MILLING COMPLEX, INC. was, and now is, a corporation duly organized and existing under and by virtue the laws of the State of Florida with a principal place of business at Kissimmee, Florida.

## FACTUAL ALLEGATIONS

5. In November and December 2015, at the request of POINCIANA, the Plaintiff shipped long grain rice aboard ocean vessels from Port Everglades, Florida to Guatemala and delivered said cargo to the named consignees.

6. The ocean freight and related charges agreed to as compensation for the transportation related activities described in the preceding paragraph are itemized on the bills of lading annexed as Exhibit "A". The terms and conditions that govern the bills of lading are attached as Exhibit "B".

7. Paragraph 15 of the bill of lading contract obligates the Defendant to pay the ocean freight and related charges for both shipments. Furthermore, in an e-mail dated November 5, 2015, Jean Badley, a representative of POINCIANA, notified the organization acting as the

freight forwarder that the Defendant would be liable for payment of the freight charges. See Exhibit "C".

8. Despite repeated demands for payment of the funds due, POINCIANA has failed and refused to remit $17,375.00 in ocean freight and related charges owed to KING OCEAN.

**COUNT I – BREACH OF CONTRACT**
(Bill of Lading No.:  PEVGUA12027)

9. KING OCEAN repeats and realleges the allegations set forth in Paragraphs 1 through 8 as if fully set forth herein.

10. A valid contract was formed on or about November 2015 when KING OCEAN agreed to transport rice aboard an ocean vessel from Port Everglades, Florida to Guatemala in exchange for monetary compensation.

11. KING OCEAN performed its contractual obligations by transporting the designated cargo from the mainland United States to Guatemala and delivering said goods to Baruch Hashem, the named consignee.

12. KING OCEAN has performed all conditions precedent necessary to bring this action.

13. POINCIANA committed a material breach of paragraph 15 of the bill of lading contract by not compensating KING OCEAN for $7,895.00 in ocean freight and related charges owed to the carrier.

14. KING OCEAN has suffered damages in the amount of $7,895.00.

**COUNT II – BREACH OF CONTRACT**
(Bill of Lading No.:  PEVGUA12259)

15. KING OCEAN repeats and realleges the allegations set forth in Paragraphs 1 through 8 as if fully set forth herein.

16. A valid contract was formed on or about December 2015 when KING OCEAN agreed to transport rice aboard an ocean vessel from Port Everglades, Florida to Guatemala in exchange for monetary compensation.

17. KING OCEAN fulfilled its contractual obligations by transporting the designated cargo from the mainland United States to Guatemala and delivering said goods to Baruch Hashem, the named consignee.

18. KING OCEAN has performed all conditions precedent necessary to bring this action.

19. POINCIANA committed a material breach of Paragraph 15 of the bill of lading contract by not compensating KING OCEAN for $9,480.00 in ocean freight and related charges owed to the carrier.

20. KING OCEAN has suffered damages in the amount of $9,480.00.

## **PRAYER FOR RELIEF**

WHEREFORE, KING OCEAN prays for judgment against POINCIANA MILLING COMPLEX, INC. on its Complaint as follows:

A. Damages in the amount of $17,375.00 for the nonpayment of ocean freight and related transportation charges.

B. Attorney's fees in accordance with Paragraph 15 of the bill of lading contract.

C. Taxable costs and disbursements of this action.

D.  For such other, further and different relief as the Court may just and proper.

Respectfully submitted at Miami, Florida this 17th day of May, 2016.

**DEE M. DOLVIN, P.A.**
*Attorney for King Ocean*
P.O. Box 310424
Miami, Florida  33231
Telephone: (305) 318-1919
E-mail:  Dee@DeeMDolvin.com

By: /s/ Dee M. Dolvin
       _____
          DEE M. DOLVIN
          Florida Bar No.:  707491